IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| IN RE: | : | |
| ANTHONY BARBONE | : | CASE NO. 5:13-bk-04285-JJT |
| a/k/a Barbone's Pallets | : | |
| | : | |
| and | : | |
| | : | |
| ELIZABETH A. BARBONE | : | |
| a/k/a Elizabeth Barbone | : | |
| | : | CHAPTER 13 |
| Debtor(s) | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| ANTHONY BARBONE | : | |
| | : | |
| and | : | |
| | : | |
| ELIZABETH BARBONE | : | |
| Plaintiffs, | : | |
| vs. | : | ADV. NO.:_____ |
| PARTNERS FOR PAYMENT RELIEF | : | |
| DE II, LLC | : | |
| CHARLES J. DEHART, III, ESQ. | : | |
| CHAPTER 13  TRUSTEE | : | |
| Defendants | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>COMPLAINT TO DETERMINE THE VALIDITY AND EXTENT OF MORTGAGE LIEN
UNDER 11 U.S.C. SECTION 506(d) AND 11 U.S.C. SECTION 1322 (b)(2)</u>
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NOW COMES, Anthony Barbone and Elizabeth Barbone, by and through their counsel,

Tullio DeLuca, Esq., and files this Complaint and state the following:

1.     On August 20, 2013, Anthony Barbone and Elizabeth Barbone, (hereinafter

"Plaintiffs/ Debtors") filed a petition under Chapter 13 Title 11, U.S. Code in the United States

Bankruptcy Court for the Middle District of Pennsylvania.

2.     Charles J. DeHart, III, Esquire was appointed the standing Chapter 13 Trustee in

the above case.

3.     Defendant, Partners for Payment Relief DE II, LLC, having offices located at

3748 West Chester Pike, Suite 103, Newtown Square, Pennsylvania, 19073, was a creditor of the Debtors at the time of the filing of the Chapter 13 Bankruptcy Petition by virtue of an unrecorded assignment dated June 4, 2013.

4.      This Court has jurisdiction under 28 U.S.C. Section 1334 and 28 U.S.C. Section 157.

5.      This is an action under 11 U.S.C. Section 506(d) and 11 U.S.C. Section 1322(b)(2) to determine the validity and extent of Defendant's secured claim against Debtor's real property.

6.      When the Debtors filed their Chapter 13 Bankruptcy Petition, the Debtors were the fee simple owners of real estate located at 8 Helen Terrace, Sterling, Pennsylvania, 18444 (hereinafter "the property").

7.      The Debtors believe, and therefore aver, that the present market value of the real property at 8 Helen Terrace, Sterling, Pennsylvania, 18444 is $95,000.00.

8.      Defendant retains a second mortgage lien against the property with a balance of $185,967.80 as of the Petition date. A true and correct copy of said assigned mortgage is attached hereto and marked as Exhibit "A."

9.      Wells Fargo Home Mortgage retains a first mortgage lien against the property with a balance of $105,005.00, as of the petition date.  As such, Partners for Payment Relief DE II, LLC's second mortgage lien is subject to being avoided in its entirety pursuant to 11 U.S.C. Section 506 (d).

10.      Therefore, Defendant's second mortgage lien is subject to being avoided in its entirety pursuant to 11 U.S.C. Section 506, since the fair market value of the property is less than the balance owed on the first mortgage lien.

11.     Further, the assignment of the Mortgage from Wilmington Trust, National

Association, to the Defendant is dated June 4, 2013. However, the assignment was notarized on

June 6, 2013 calling into question the validity and authenticity of the assignment of the mortgage.


WHEREFORE Debtors prays that this Honorable Court enter an Order approving the

avoidance of the second mortgage lien of Partners for Payment Relief DE II, LLC , in its

entirety, as the value of the property is less than the balance of the first mortgage and the upon

completion of the Debtors Chapter 13 Plan, and upon entry of an Order of Discharge, Partners for

Payment Relief DE II, LLC, shall proceed to satisfy the mortgage lien recorded at Instrument

Number 200600004462 in the Wayne County Recorder of Deeds.   .


Respectfully Submitted,

Tullio DeLuca, Esquire
PA ID #59887
Counsel for Plaintiff
381 North 9th Street
Scranton, PA 18504
(570)347-7764

Dated:_____

# Exhibit "A"

Instrument   Volume Page
200600004462 OR  3022  107

Prepared By:

I hereby CERTIFY that the document is recorded in the Recorder's Office of Wayne County, Pennsylvania.

*Ginger Golden*

Ginger Golden
Recorder of Deeds

Kathryn Messinger
3993 Howard Hughes Parkway
Las Vegas, NV 89109
(866)233-8735
Return To:
M&I Bank FSB
Attn: Secondary Marketing
4121 NW Urbandale Drive
Urbandale, IA 50322

200600004462
Filed for Record in
WAYNE COUNTY, PA
GINGER GOLDEN
04-25-2006 At 03:59 am.
MORTGAGE    38.50
STATE TAX    .00
LOCAL TAX    .00
OR Volume 3022 Page 107 - 115

8662338735
Parcel Number:
26-0-0016-0022

Premises: 8 HELEN TERRACE
MADISON TOWNSHIP

—————————————— [Space Above This Line For Recording Date] ——————————————

# MORTGAGE

MIN 10027310000164481

THIS MORTGAGE is made this 27th day of March, 2006 , between the Mortgagor,
ANTHONY BARBONE and ELIZABETH BARBONE, (Husband & Wife)

(herein "Borrower"), and the Mortgagee,
Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. M&I Bank FSB

("Lender") is organized and existing under the laws of Nevada
and has an address of 3993 Howard Hughes Parkway, Las Vegas, NV 89109

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $ 120,200.00 ,
which indebtedness is evidenced by Borrower's note dated March 27, 2006 and
extensions and renewals thereof (herein "Note"), providing for monthly installments of
principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on
April 1, 2021 ;

LN:816448

**PENNSYLVANIA** - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS

Form 3839
Amended 6/02

-76N(PA) (0502)
Page 1 of 8
VMP Mortgage Solutions, Inc. (800)521-7291

Initials *AB* *EB*

Requested By: RECR 11/01/2013

TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage; and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property located in the County of WAYNE
State of Pennsylvania:
SEE ATTACHED LEGAL DESCRIPTION.

which has the address of          8 HELEN TERRACE                    [Street]
          MADISON TOWNSHIP        [City], Pennsylvania    18444      [ZIP Code]
(herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Mortgage; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Mortgage.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and

LN:816448

⊛-76N(PA) (0502)          Page 2 of 8          Init: AB  BB          Form 3839

assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Mortgage that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Mortgage.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

4. **Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

5. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender, provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals

LN:816448

Initials: *AB EB*

-76H(PA) (0502)        Page 3 of 6        Form 3839

Requested By: RECR 11/01/2013

thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

6. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. **Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

10. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

LN: 816448

Initials *AB  ZG*

-76H(PA) (0602)                    Page 4 of 8                    Form 3839

Instrument       Volume Page
200600004462 OR    3022   111

11. Successors and Assigns Bound; Joint and Several Liability; Co-signers. The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

12. Notice. Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. Governing Law; Severability. The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. Borrower's Copy. Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

15. Rehabilitation Loan Agreement. Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

16. Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Mortgage.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Mortgage without further notice or demand on Borrower.

LN: 816448

-76N(PA) (0502)                    Page 5 of 6        INITIALS AB EB        Form 3839

Requested By: RECR 11/01/2013

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Acceleration; Remedies.** Upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Borrower as provided by applicable law specifying, among other things: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 30 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage, foreclosure by judicial proceeding, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the nonexistence of a default or any other defense of Borrower to acceleration and foreclosure. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may foreclose this Mortgage by judicial proceeding. Lender shall be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, reasonable attorneys' fees, and costs of documentary evidence, abstracts and title reports.

18. **Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to at least one hour before the commencement of bidding at a sheriff's sale or other sale pursuant to this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. **Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bond and reasonable attorneys' fees, and then to the sums secured by this Mortgage. Lender and the receiver shall be liable to account only for those rents actually received.

20. **Release.** Upon payment of all sums secured by this Mortgage, Lender shall discharge this Mortgage without charge to Borrower. Borrower shall pay all costs of recordation, if any.

21. **Interest Rate After Judgment.** Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate stated in the Note.

LN: 816448

Initials: AB EB

VMP - 78N(PA) (9502)      Page 6 of 6      Form 3839

Instrument          Volume Page
200600004462 OR     3022   113

## REQUEST FOR NOTICE OF DEFAULT
## AND FORECLOSURE UNDER SUPERIOR
## MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

Witnesses:

_____          _____ (Seal)
                                            ANTHONY BARBONE                 Borrower

_____          _Elizabeth Barbone_____ (Seal)
                                            ELIZABETH BARBONE              -Borrower

_____ (Seal)   _____ (Seal)
                          -Borrower                                        -Borrower

_____ (Seal)   _____ (Seal)
                          -Borrower                                        -Borrower

_____ (Seal)   _____ (Seal)
                          -Borrower                                        -Borrower

*(Sign Original Only)*

LN:816448

-76N(PA) (0302)              Page 7 of 8                    Form 3839

Instrument Volume Page
200600004462 OR 3022 114

COMMONWEALTH OF PENNSYLVANIA, *Wayne* County ss:

On this, the 27th day of *March, 2006*, before me, the undersigned officer, personally appeared ANTHONY BARBONE and ELIZABETH BARBONE

known to me (or satisfactorily proven) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged that he/she/they executed the same for the purposes herein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

My Commission Expires:

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Lori Ann Drzwuleski, Notary Public
Salem Twp., Wayne County
My Commission Expires May 6, 2009
Member, Pennsylvania Association of Notaries

*Lori Ann Drzwuleski*

*Notary Public*
Title of Officer

**Certificate of Residence**

I, Diana J. Reynolds, do hereby certify that the correct address of the within-named Mortgagee is P.O. Box 2026, Flint, MI 48501-2026.

Witness my hand this 27th day of March, 2006

*Diana J. Reynolds*
Diana J. Reynolds    Agent of Mortgagee

code: 9
LN:816448
Init'x AB
Form 3839

-76N(PA) (0502) Page 8 of 8

Requested By: RECR 11/01/2013

Instrument OR Volume Page
200600004462 3022 115

SCHEDULE A-1

Commitment No. 425597          File No.FP063704

*All that certain place or parcel of land lying, situate and being in the Township of Sterling, County of Wayne and State of Pennsylvania, bounded and described as follows, to wit:*

*BEGINNING at a point on the edge of a fifty (50) foot wide private road entitled "Helen Terrace" said point being a common corner of lots along the common boundary line of Lots 21 and 22, North 48 degrees 04 minutes 05 seconds East 287.12 feet to a corner; thence along the common boundary line of lots 22 and 23 south 53 degrees 09 minutes 24 seconds East 287.38 feet to a corner on the edge of a private road entitled "Sterling Gardens Drive"; thence along the edge of said road South 36 degrees 50 minutes 36 seconds West 93.86 feet to a point; thence around a corner with a radius of 20 feet and distance of 30.60 feet to a point on the edge of Helen Terrace; ;thence along the edge of Helen Terrace North 32 degrees 07 minutes 22 seconds West 314.36 feet to a point; thence around a corner with a radius of 115 feet a distance of 80.67 feet to the point or place of beginning. Containing within said boundaries 1.54 acres more or less and being lot #22 within the development known as Sterling Gardens.*

*Being all of Lot No. 22 on said plot recorded in Wayne County Map Book 30 at Page 81.*

Instrument
201200007654 OR    Volume Page
                    4455  295

I hereby CERTIFY that the document is
recorded in the Recorder's Office of
Wayne County, Pennsylvania.

*Ginger Golden*
Recorder of Deeds

201200007654
Filed for Record in
WAYNE COUNTY, PA
GINGER GOLDEN, RECORDER OF DEEDS
10-18-2012 At 11:53 am.
ASGNT MTGE        44.50
OR Volume   4455 Page  295 - 297

Prepared By:
Shelly Moore,
GMAC MORTGAGE, LLC
2925 Country Dr
PO BOX 780
St Paul, MN 55117
1-800-766-4622

RECORDING REQUESTED BY AND
WHEN RECORDED MAIL TO:
WMD Capital Markets, LLC
C/O NTC 2100 Alt. 19 North
Palm Harbor, FL 34683
WODAS GMAC L#: 7304742166

## CORPORATE ASSIGNMENT OF MORTGAGE

Wayne, Pennsylvania
SELLER'S SERVICING #:7304742166 "BARBONE"

MERS #: 100273100008164481 SIS #: 1-888-679-6377

Date of Assignment: March 27th, 2012
Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. AS NOMINEE FOR M&I BANK FSB, ITS SUCCESSORS AND/OR ASSIGNS
Assignee: WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE UNDER GREENWICH INVESTORS XL PASS-THROUGH TRUST AGREEMENT DATED AS OF MARCH 1, 2012

I hereby certify the precise address of the within named Assignor is 1901 E VOORHEES STREET, SUITE C, DANVILLE, IL 61834.

I hereby certify the precise address of the within named Assignee is 559 SAN YSIDRO RD., SANTA BARBARA, CA 93108.

Executed By: ANTHONY BARBONE AND ELIZABETH BARBONE, HUSBAND AND WIFE  To: MERS, M&I BANK FSB
Date of Mortgage: 03/27/2006 Recorded: 04/25/2006 in Book/Reel/Liber: 3022 Page/Folio: 107 as Instrument/Document: 200600004462 in the County of Wayne, State of Pennsylvania.
8 HELEN TERRACE, MADISON TOWNSHIP, PA 18444 in the Township of STERLING

I do certify that the precise address of WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE UNDER GREENWICH INVESTORS XL PASS-THROUGH TRUST AGREEMENT DATED AS OF MARCH 1, 2012 is 559 SAN YSIDRO RD., SANTA BARBARA, CA 93108
Attested By: _____
8 HELEN TERRACE, MADISON TOWNSHIP, PA 18444 in the Township of STERLING

KNOW ALL MEN BY THESE PRESENTS that in consideration of the sum of TEN and NO/100ths DOLLARS and other good and valuable consideration, paid to the above named Assignor, the receipt

*SHE*SRMGMAC*03/27/2012 11:33:22 AM* GMAC01GMACA00000000000003565324* PAWAYNE*
7304742166 PASTATE_MORT_ASSIGN_ASSN **SRMGMAC*

Instrument
201200007654 OR

Volume Page
4455 298

CORPORATE ASSIGNMENT OF MORTGAGE Page 2 of 2

and sufficiency of which is hereby acknowledged, said Assignor hereby assigns unto the above-named Assignee, the said Mortgage having an original principal sum of $120,200.00 with interest, secured thereby, with all moneys now owing or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said assignor hereby grants and conveys unto the said assignee, the assignor's beneficial interest under the Security Instrument.

TO HAVE AND TO HOLD the said Security Instrument, and the said property unto the said assignee forever, subject to the terms contained in said Security Instrument.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. AS NOMINEE FOR M&I BANK FSB, ITS SUCCESSORS AND/OR ASSIGNS
On ___3/27/12___

By: _Patric Kell_
PATRICIA KELLEHER, Assistant Secretary

STATE OF Iowa
COUNTY OF Black Hawk

On ___3/27/12___, before me, TAMIKA JOHNSON, a Notary Public in and for Black Hawk in the State of Iowa, personally appeared PATRICIA KELLEHER, Assistant Secretary of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. AS NOMINEE FOR M&I BANK FSB, ITS SUCCESSORS AND/OR ASSIGNS, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

_Tamika Johnson_
TAMIKA JOHNSON
Notary Expires: 02/02/2015 #771501

TAMIKA JOHNSON
COMMISSION NO. 771501
MY COMMISSION EXPIRES
February 2, 2015

(This area for notarial seal)

*SHE*SRMGMAC*03/27/2012 11:33:22 AM* GMAC01GMACA00000000000000003565324* PAWAYNE* 7304742166 PASTATE_MORT_ASSIGN_ASSN **SRMGMAC*

Requested By: RECR 11/01/2013

Instrument 201200007654 OR Volume Page 4455 297

## SCHEDULE A-1

Commitment No. 425597        File No.FP063704

*All that certain piece or parcel of land lying, situate and being in the Township of Sterling, County of Wayne and State of Pennsylvania, bounded and described as follows, to wit:*

*BEGINNING at a point on the edge of a fifty (50) foot wide private road entitled "Helen Terrace" said point being a common corner of lots along the common boundary line of Lots 21 and 22, North 48 degrees 04 minutes 05 seconds East 287.12 feet to a corner; thence along the common boundary line of lots 22 and 23 south 53 degrees 09 minutes 24 seconds East 287.38 feet to a corner on the edge of a private road entitled "Sterling Gardens Drive"; thence along the edge of said road South 36 degrees 50 minutes 36 seconds West 93.86 feet to a point; thence around a corner with a radius of 20 feet and distance of 30.60 feet to a point on the edge of Helen Terrace; ;thence along the edge of Helen Terrace North 32 degrees 07 minutes 22 seconds West 314.36 feet to a point; thence around a corner with a radius of 115 feet a distance of 80.67 feet to the point or place of beginning. Containing within said boundaries 1.54 acres more or less and being lot #22 within the development known as Sterling Gardens.*

*Being all of Lot No. 22 on said plot recorded in Wayne County Map Book 30 at Page 81.*

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $120,200.00 (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is **M&I Bank FSB**

. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

## 2. INTEREST

I will pay interest at a yearly rate of **11.990 %.**

Interest will be charged on unpaid principal until the full amount of principal has been paid.

## 3. PAYMENTS

I will pay principal and interest by making payments each month of U.S. $ **1,235.47**

I will make my payments on the **1st** day of each month beginning on **May 1 2006** . I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on **April 1, 2021** I still owe amounts under this Note, I will pay all those amounts, in full, on that date.

I will make my monthly payments at **M&I Bank FSB-Payment Processing; 3820 109th St, Dept 7250; Des Moines, IA 50391-** or at a different place if required by the Note Holder.

## 4. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any of my monthly payments by the end of **Fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.000 %** of my overdue payment, but not less than U.S. $ **N/A** and not more than U.S. $ **N/A** . I will pay this late charge only once on any late payment.

### (B) Notice From Note Holder

If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.

### (C) Default

If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (D) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 5. THIS NOTE SECURED BY A DEED OF TRUST

In addition to the protections given to the Note Holder under this Note, a Deed of Trust, dated **March 27, 2006** , protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Deed of Trust describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

LN:816448

| NEVADA - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT |
|---|

**ANTHONY BARBONE** Form 3829

100273100008164481

Initials: *AB EB*

VMP-76(NV) (0204).01

Page 1 of 2

VMP MORTGAGE FORMS - (800)521-7291

prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

## 7. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 8. GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

## 9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

_____ (Seal)        _Elizabeth Barbone_ _____ (Seal)
ANTHONY BARBONE            -Borrower          ELIZABETH BARBONE            -Borrower

_____ (Seal)        _____ (Seal)
                           -Borrower                                      -Borrower


THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

*[Sign Original Only]*

LN:816448

VMP-76(NV) (0204).01                     Page 2 of 2                     Form 3929

Prepared By:
RICHMOND MONROE GROUP, INC.
TARA NEWTON,
PO BOX 458
KIMBERLING CITY, MO 65631
417-447-2931

When Recorded Return To:

PARTNERS FOR PAYMENT RELIEF DE II, LLC
3748 WEST CHESTER PIKE
SUITE 103
NEWTOWN SQ, PA 19073

## CORPORATE ASSIGNMENT OF MORTGAGE
Wayne, Pennsylvania   REFERENCE #: 11041000079   "BARBONE"
INVESTOR #:
MERS #: 100273100008164461 VRU #: 1-888-679-6377

Assignment Prepared on May 17th, 2013.

Assignor: WILMINGTON TRUST, NATIONAL ASSOCIATION, not in its individual capacity, but solely as Trustee under Greenwich Investors XL Pass-Through Trust Agreement dated as of March 1, 2012 at 559 SAN YSIDRO ROAD, SUITE I, SANTA BARBARA, CA 93108.
Assignee: PARTNERS FOR PAYMENT RELIEF DE II, LLC at 3748 WEST CHESTER PIKE, SUITE 103, NEWTOWN SQ, PA 19073.

Executed By: ANTHONY BARBONE AND ELIZABETH BARBONE, (HUSBAND & WIFE) To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR M&I BANK FSB
Date of Mortgage: 03/27/2006 Recorded: 04/25/2006 in Book/Reel/Liber: OR 3022 Page/Folio: 107 as Instrument/Document: 200600004462 In Wayne County , State of Pennsylvania.

I do certify that the precise address of (grantee/assignee/mortgagee/etc) is PARTNERS FOR PAYMENT RELIEF DE II, LLC at 3748 WEST CHESTER PIKE, SUITE 103, NEWTOWN SQ, PA 19073.
Attested By: _____

-CORPORATE ASSIGNMENT OF MORTGAGE Dated: 03/27/2012 Recorded: _____ in Book/Reel/Liber: _____ Page/Folio: _____ as Instrument/Document: _____, between MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. AS NOMINEE FOR M&I BANK FSB, ITS SUCCESSORS AND/OR ASSIGNS and WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE UNDER GREENWICH INVESTORS XL PASS-THROUGH TRUST AGREEMENT DATED AS OF MARCH 1, 2012

Property Address: 8 HELEN TERRACE, MADISON TOWNSHIP, PA 18444
In the Township of MADISON
   KNOW ALL MEN BY THESE PRESENTS that in consideration of the sum of TEN and NO/100ths DOLLARS and other good and valuable consideration, paid to the above named Assignor, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage having an original principal sum of $120,200.00 with interest, secured thereby, together with all moneys now owing or that may hereafter become due or owing in respect
*GC0*GCBAMRC*05/15/2013 10.05:00 AM* AMRCV6AMRC00000000000000000576370* PAWAYNE* 11041000079 PASTATE_MORT_ASSIGN_ASSN *TW1*TW1AMRC*

thereof, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said assignor hereby grants and conveys unto the said assignee, the assignor's beneficial interest under the Security Instrument.

TO HAVE AND TO HOLD the said Security Instrument, and also the said property unto the said assignee forever, subject to the terms contained in said Security Instrument.

WILMINGTON TRUST, NATIONAL ASSOCIATION, not in its individual capacity, but solely as Trustee under Greenwich Investors XL Pass-Through Trust Agreement dated as of March 1, 2012
By: WMD Asset Management, LLC,
a Delaware limited liability company,
its Attorney-in-Fact
On _6-4-2013_

By:_____
Dennis E. Carlton, Managing Director


STATE OF _____
COUNTY OF _____

On _____, before me, _____, a Notary Public in and for _____ in the State of _____,
personally appeared Dennis E. Carlton, Managing Director of WILMINGTON TRUST, NATIONAL ASSOCIATION, not in its individual capacity, but solely as Trustee under Greenwich Investors XL Pass-Through Trust Agreement dated as of March 1, 2012, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed, signed, sealed, and delivered the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument

WITNESS my hand and official seal,

_See Attached_
Notary Expires:   /  /

(This area for notarial seal)


*GCB*GCBAMRC*05/15/2013 10 05 00 AM* AMRCM6AMRC0000000000000000000575370* PAWAYNE* 11041000079 PASTATE_MORT_ASSIGN_ASSN *TWI*TWI*AMRC*

# ACKNOWLEDGMENT

State of California

County of _____ Santa Barbara _____ )

On _ June 6, 2013 _____ before me, _ Wendy S. Kosche-Gelinas, Notary Public __
(insert name and title of the officer)

personally appeared ___ Dennis E. Carlton _____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Wendy S. Kosche-Gelinas_ **(Seal)**

WENDY S. KOSCHE-GELINAS
Commission # 1868699
Notary Public - California
Santa Barbara County
My Comm. Expires Oct 18, 2013