# UNITED STATES BANKRUPTCY COURT

## MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: ANTHONY BARBONE        CASE NO. 5-13-bk-04285-JJT
a/k/a Barbone's Pallets,

**and**

**ELIZABETH A. BARBONE**
**a/k/a Elizabeth Barbone**

       Debtor(s)

**ANTHONY BARBONE**        Adversary No. 5-13-00271

**And**

**ELIZABETH BARBONE**
       Plaintiffs,

**PARTNERS FOR PAYMENT RELIEF DE**
**III, LLC, CHARLES J. DEHART, III, ESQ.**
**CHAPTER 13 TRUSTEE**

       Defendants


## MEMORANDUM OF LAW ON BEHALF OF DEFENDANT PARTNERS FOR PAYMENT RELIEF E III, LLC

1**. STATEMENT OF THE CASE.**

The debtors, Anthony and Elizabeth Barbone (the "Barbones"), commenced this proceeding by filing a Petition for Relief under Chapter 13 of the Bankruptcy Code on August 20, 2013. The Barbones are the owners of a house and a lot with an area of 1.54 acres, located at 8 Helen Terrace, Sterling, Lackawanna County, Pennsylvania (the "Property"), where they reside. Partners for Payment Relief DE III, LLC ("PPR") is a limited liability company and the holder, by recorded assignment, of a second mortgage on the Property, which mortgage is dated

1

March 27, 2006 and in the principal amount of $120,000. The first mortgage on the Property is held by Wells Fargo Home Mortgage ("Wells Fargo"), which has filed a Proof of Claim setting forth that the amount of its claim as of the date of filing as $104,717.50.

On November 10, 2013, the Barbones filed an Adversary Proceeding under the provisions of 11 U.S.C. § 506, seeking a determination that PPR's second mortgage was "wholly unsecured" by any equity in the Property and accordingly, PPR's lien could be voided by the Court in the confirmation of the Plan. PPR has filed an Answer to the Complaint.

2. **ARGUMENT.**

**UNDER THE PROVISIONS OF 11 U.S.C. §1322(b)(2), PPR'S LIEN IS NOT SUBJECT TO MODIFICATION SINCE IT IS NOT "WHOLLY UNSECURED."**

Under 11 U.S.C. §506(a), PPR's lien against the Property is "a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property … and is an unsecured claim to the extent that the value of such creditor's interest …is less than the amount of such allowed claim." Of course, Section 506(a) is subject to the anti-modification provisions of Section 1322(b)(2), which prohibits the modification of "a security interest in real property that is the debtor's principal residence…." Here there is no question that the Property is the Barbones's principal residence. A lien must lack actual security in the real property or be "wholly unsecured" to avoid the anti-modification provisions of Section 1322(b)(2). McDonald v. Master Financial, Inc., 205 F.3d 606, 611 (3d Cir. 2000). A wholly unsecured lien exists "only if the value of the of the debtor's residence is less than or equal to the amount owing of all liens with greater priority…." In re Butler, 2010 WL4736205, 64 Collier Bankr. Cas. 2d 1460 (Bkrtcy. E.D. Pa.). See also In re Mahmud, 2008 WL 8099115 (Bkrtcy. E.D. Pa.) ("An asserted secured claim is wholly unsecured when the value of the collateral does not exceed the amount

due to lienholders with priority over the challenged lien."); In re Erb, 2011 WL 26000647 (Bkrtcy. M.D. Pa.) ("A lien may be stripped off if the value of all liens superior to the lien subject to the §506(a) valuation exceeds the value of the collateral."); and, In re Seidle, 2013 WL 828303 (Bkrtcy. M.D. Pa.).

Since the debtors propose to retain the house, the appropriate valuation of the house is as date of filing the case. See In re Mahmud, supra ("the relevant time for valuation purposes given the debtors' intention to retain the collateral was the time of their bankruptcy filing."). Here the appraisal proposed by the debtors is dated August 15, 2013 and that made on behalf of PPR is dated as of the petition date of August 20, 2013.

The debtor's proposed valuation of the Property is $95,000.00, while that on behalf of PPR is $145,000. To the extent that the Court would find that the fair market value of the Property exceeds the Wells Fargo lien amount of $104,717.50, PPR's lien cannot be stripped off. s case is similar to Seidle and Erb,   While PPR is "under secured" as to its claim of $185.967.80 with a valuation of $145,000, it is not "wholly unsecured" and Section 1322(b)(2) precluded the strip down of those mortgages. In re Erb, supra 2011 WL 26000647 (Bkrtcy. M.D. Pa.) and  In re Seidle, supra 2013 WL 828303 (Bkrtcy. M.D. Pa.).

3. **CONCLUSION.**

      Judgment should be entered in favor of PPR and the Adversary Complaint be dismissed with prejudice.

                              Respectfully submitted,

                              HLADIK, ONORATO & PEARLSTINE, LLP

Date: July 14, 2014               BY:     /s/ Stephen M. Hladik
                                      Stephen M. Hladik, Esquire
                                      George B. Ditter, Esquire
                                      Attorneys for Defendant
                                      298 Wissahickon Avenue
                                      North Wales, PA 19454
                                      215-855-9521