IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| ANTHONY BARBONE | : | BANKRUPTCY NO.: 5-13-bk-04285-JJT |
| a/k/a Barbone's Pallets, | : | |
| and | : | |
| ELIZABETH A. BARBONE | : | |
| a/k/a Elizabeth Barbone, | : | |
| DEBTORS | : | |
| ANTHONY BARBONE | : | {**Nature of Proceeding**: Complaint to Determine the Validity and Extent of Mortgage Lien Under 11 U.S.C. § 506(d) and 11 U.S.C. § 1322(b)(2)} |
| a/k/a Barbone's Pallets, | : | |
| and | : | |
| ELIZABETH A. BARBONE | : | |
| a/k/a Elizabeth Barbone, | : | |
| PLAINTIFFS | : | |
| vs. | : | |
| PARTNERS FOR PAYMENT RELIEF DE II, LLC | : | |
| CHARLES J. DEHART, III, ESQ. CHAPTER 13 TRUSTEE | : | |
| DEFENDANTS | : | **ADVERSARY NO.: 5-13-ap-00271-JJT** |

# OPINION

The Plaintiffs/Debtors, Anthony and Elizabeth Barbone, have filed a Complaint against their second mortgage holder, Partners for Payment Relief DE II, LLC, (PFPR), Defendants, seeking to strip off a second mortgage pursuant to 11 U.S.C. § 1322(b)(2). After trial on the issue held July 15, 2014, the Court concluded that the property in question is valued at $145,000. At this number, the second mortgage of PFPR would be partially secured. The issue briefed by the parties focuses on the impact of that finding. While neither advanced, stipulated, nor pled, the parties appear to assume that PFPR holds a claim secured only by a secured interest in real property that is the Debtors' principal residence, thus generally prohibiting modification thereof.

11 U.S.C. § 1322(b)(2). The Supreme Court case of *Nobelman v. American Sav. Bank*, 508 U.S. 324, 113 S.Ct. 2106 (1993) specifically concluded that a partially secured mortgage cannot be avoided should the residence be its only collateral. Notwithstanding that conclusion, the Debtors seek to implement an exception to that proscription adopted by Congress after the *Nobelman* decision when it enacted the provisions of § 1322(c)(2). That subsection reads:

> (c) Notwithstanding subsection (b)(2) and applicable nonbankruptcy law--
>
> > (1) . . .
> >
> > (2) in a case in which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the debtor's principal residence is due before the date on which the final payment under the plan is due, the plan may provide for the payment of the claim as modified pursuant to section 1325(a)(5) of this title.

11 U.S.C.A. § 1322

The original payment schedule of the mortgage provides that the last payment is due after the conclusion of the Debtors' Chapter 13 Plan. Nevertheless, the Debtors argue that, when PFPR accelerated the mortgage balance pursuant to the terms of its mortgage, its mortgage became subject to modification. There have been cases that imply such a conclusion is possible. *In re Winogora,* 209 B.R. 632, (Bkrtcy. D.N.J. 1997)*, In re Nepil*, 206 B.R. 72 (Bkrtcy. D.N.J. 1997). In the only case that I have found where the debtor argued that § 1322(c)(2) can be implemented if the mortgagee simply accelerates the debt without foreclosing on the mortgage, the argument was soundly rejected. *In re Duran*, 271 B.R. 888, (Bkrtcy. D.Wyo. 2001). Most authorities, relying on the language of the statute, require that one must look to the original payment schedule of the mortgage to determine whether § 1322(c)(2) is implicated. *In re Anderson*, 458 B.R. 494 (Bkrtcy. E.D.Wis. 2011); *In re Maiorino*, 2009 WL 614819 (Bkrtcy. W.D.N.Y. 2009); *In re Amos,* 259 B.R. 317 (Bkrtcy. C.D.Ill. 2001);*, In re Rowe*, 239 B.R. 44 (Bkrtcy. D.N.J. 1999).

Logic would suggest that the simple acceleration of the mortgage would not change "the

original payment schedule of the claim" and whether it comes due during the term of the plan. This is the key to determining eligibility under the § 1322(c)(2) exception to the antimodification rule. While the mortgage attached to the Complaint includes a term that allows for an acceleration of the debt on default, that does not alter the fact that the last payment of the original payment schedule is not due until 2021.

> [The Supreme] Court has repeated with some frequency: "Where, as here, the resolution of a question of federal law turns on a statute and the intention of Congress, we look first to the statutory language and then to the legislative history if the statutory language is unclear." *Blum v. Stenson*, 465 U.S. 886, 896, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984). . . . Thus, although a court appropriately may refer to a statute's legislative history to resolve statutory ambiguity, there is no need to do so [unless necessary].

*Toibb v. Radloff*, 501 U.S. 157, 162, 111 S.Ct. 2197, 2200, 115 L.Ed.2d 145 (1991).

I perceive no ambiguity in the language of § 1322(c)(2). The facts in this case do not justify a modification of the residential mortgage, the last payment of which comes due in 2021. The bottom line is that the Complaint requests that I enter an Order avoiding the mortgage lien of PFPR in its entirety. Failing that, the Debtors suggest that the mortgage can be stripped down. For the reasons I articulated, I can do neither.

My Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge
(CMS)

Date: October 3, 2014